US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 1 2 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION

13-3043

MDL No. 2462

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, patentholder Brandywine Communications Technologies, LLC (Brandywine) moves for centralization of this patent infringement litigation in the Middle District of Florida. Brandywine alternatively supports centralization of this litigation in a district in the central United States, such as the Northern District of Texas. This litigation currently consists of thirty-four actions pending in twenty districts, as listed on Schedule A.[1]

Defendants in twenty-one of the actions responded to Brandywine's motion.[2] With the exception of three defendants in actions pending in the District of Delaware, the responding defendants uniformly oppose centralization. The three Delaware defendants do not oppose centralization, but object to centralization in the Middle District of Florida. Although several defendants, in their written submissions, alternatively proposed centralization in either the Eastern District of Arkansas, the Northern District of Texas, or the District of Utah, counsel for defendants stated during oral argument on this motion that all but one of the defendants now support, in the alternative, centralization in the Northern District of California.[3]

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] There were forty-one actions listed on Brandywine's motion for centralization, but seven actions pending in the Central District of California, the District of Colorado, the District of New Hampshire, the Northern District of Oklahoma, and the District of Oregon were subsequently dismissed voluntarily by Brandywine.

[2] The responding defendants include: American Network Communications, Inc.; AT&T Corp.; Cactus International, Inc.; Consolidated Communications Holdings Inc.; DBSolutions, Inc.; DLS Computer Services, Inc.; Graydog Internet, Inc.; HickoryTech Corporation; IKANO Communications; Impulse Advanced Communications LLC; Loretto Communication Services, Inc.; MegaPath Inc.; NATCO Communications, Inc.; OM Networks; PEAK Internet, LLC; SBC Internet Services, Inc.; Sonic.net Inc.; Stayton Cooperative Telephone Company; Texas Communications, Inc.; TMN, Inc.; Union River Telephone Company; and Windstream Corporation.

[3] Two defendants also argued in their papers that the Panel, if inclined towards centralization, should defer its ruling for some period of time to allow for defendant-specific resolutions in the

(continued...)

-2-

These actions involve similar allegations of infringement of six patents that generally relate to networking protocols, techniques, and systems for use in the provision of Internet connectivity via digital subscriber line (DSL) technology.[4] There is undoubtedly factual overlap among these actions. However, in these particular circumstances, we see a number of reasons why centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.

In particular, the Panel is concerned that centralization of this litigation might hinder the orderly and efficient resolution of these cases. It appears that, between December 2012 and March 2013, Brandywine filed approximately seventy patent infringement actions against regional and local DSL providers containing largely verbatim language and claims. Of these seventy actions, more than half already have been dismissed voluntarily by Brandywine as a result of early settlements. Indeed, since this motion was filed on May 16, 2013, seven of the actions have been dismissed—two following oral argument on the motion. It seems likely that many of the remaining actions will be resolved in a similarly efficient fashion.[5]

---

[3](...continued)
transferor courts.

[4] The six patents at issue are:

- U.S. Patent No. 5,206,854, entitled "Detecting Loss of Echo Cancellation";

- U.S. Patent No. 5,251,328, entitled "Predistortion Technique for Communications Systems";

- U.S. Patent No. 5,812,537, entitled "Echo Canceling Method and Apparatus for Data Over Cellular";

- U.S. Patent No. 5,828,657, entitled "Half-Duplex Echo Canceler Training Using a Pilot Signal"; and

- U.S. Patent No. 6,970,501 and its continuation, U.S. Patent No. 7,894,472, entitled "Method and Apparatus for Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology."

[5] Additionally, our review of the dockets for these actions reveals that defaults have been entered or requested in six of the actions, defendants have failed to appear or have not been served in several other actions, and several defendants have filed motions to dismiss or other dispositive motions based upon various licenses that Brandywine allegedly issued for these six patents.

-3-

In short, these actions are being litigated in a manner that is likely to lead to their resolution, whether through settlement or other means, within a relatively short period of time. Accordingly, "the advantages centralization typically affords—i.e., reducing duplicative discovery and motion practice, etc.—may not be relevant to most litigants" in these actions.[6] *In re ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (denying centralization because, *inter alia*, there was a "trend of quick dismissals"). *See also In re Genetic Techs. Ltd. ('179) Patent Litig.*, 883 F. Supp. 2d 1337, 1337-38 (J.P.M.L. 2012) (denying centralization because, *inter alia*, the patent's litigation history suggested that most actions did not require significant judicial intervention).

Also, the procedural posture of these actions makes it less likely that they will benefit from centralization. Two of the actions are quite advanced, with a claim construction order recently issued in the first-filed action in the Middle District of Florida and briefing on claim construction concluded in the action pending in the Northern District of California. Defendants vociferously argue that Brandywine's filing of its motion for centralization so soon after the issuance of the claim construction order demonstrates that Brandywine's purpose in seeking centralization is to "lock in" a favorable claim construction ruling. "[T]he Panel's primary purpose is not to divine the motives and strategies of the various litigants . . . . Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it." *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010).

We need not delve deeply into Brandywine's ulterior motives for seeking centralization because the disparity of the procedural postures of these actions itself would complicate any centralized proceeding. *See, e.g., In re Droplets, Inc., Patent Litig.*, 908 F. Supp. 2d 1377, 1379 (J.P.M.L. 2012) (denying centralization, in part, based on the disparate procedural postures of the actions). Centralizing the advanced actions would result in delays to the completion of discovery and the anticipated trial dates in those actions. While there are circumstances where centralization of advanced patent infringement actions with newer actions will result in significant efficiencies, *see, e.g., In re TR Labs Patent Litig.*, 896 F. Supp. 2d 1337, 1338 (J.P.M.L. 2012) (centralizing patent infringement litigation where expert discovery remained uncompleted), they are not present in this litigation. Centralization of these actions is unlikely to result in the just and efficient conduct of the litigation as a whole—particularly where the newly-filed actions are already progressing towards early resolution. *See In re Louisiana-Pacific Corp. Trimboard Siding Mktg., Sales Practices & Prods. Liab. Litig.*, 867 F. Supp. 2d 1346, 1346 (J.P.M.L. 2012) ("Where there is such a significant

---

[6] Of course, it may turn out that some of these actions do not settle or otherwise resolve while the actions are in their infancy. Indeed, two actions—albeit actions against national DSL providers as opposed to regional providers—have reached an advanced procedural posture, with claim construction either briefed or decided. Even if these surviving actions were to proceed to claim construction, differences in the defendants' DSL technology and the diversity of the defendants' businesses might diminish some of the potential efficiencies that centralization provides. *See ArrivalStar*, 802 F. Supp. 2d at 1379.

-4-

procedural disparity among the subject actions, the Panel will take a close look at whether movants have met their burden of demonstrating that centralization will still serve the purposes of Section 1407.").

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        Paul J. Barbadoro
Charles R. Breyer        Lewis A. Kaplan
Sarah S. Vance

IN RE: BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC, PATENT LITIGATION                    MDL No. 2462

## SCHEDULE A

### District of Arizona

Brandywine Communications Technologies, LLC v. Datum Communications
   Incorporated, C.A. No. 2:13-00119
Brandywine Communications Technologies, LLC v. Internet Holdings LLC,
   C.A. No. 2:13-00121
Brandywine Communications Technologies, LLC v. Dakota Communications LLC,
   C.A. No. 4:13-00041

### Western District of Arkansas

Brandywine Communications Technologies, LLC v. NATCO Communications, Inc.,
   C.A. No. 3:13-03043
Brandywine Communications Technologies, LLC v. American Network
   Communications, Inc., C.A. No. 4:13-04008

### Central District of California

Brandywine Communications Technologies, LLC v. Sonic.net Inc., C.A. No. 2:12-11011
Brandywine Communications Technologies, LLC v. Impulse Advanced Communications
   LLC, C.A. No. 2:12-11013
Brandywine Communications Technologies, LLC v. MM Internet Inc.,
   C.A. No. 2:12-11015
Brandywine Communications Technologies, LLC v. Surfnet Communication Inc.,
   C.A. No. 2:12-11017
Brandywine Communications Technologies, LLC v. LA Bridge Inc.,
   C.A. No. 2:12-11030

### Eastern District of California

Brandywine Communications Technologies, LLC v. OM Networks, C.A. No. 2:13-00508

### Northern District of California

Brandywine Communications Technologies, LLC v. AT&T Corp., et al.,
   C.A. No. 4:12-02494

-A2-

### District of Delaware

Brandywine Communications Technologies, LLC v. InReach Internet, Inc.,
 C.A. No. 1:12-01765
Brandywine Communications Technologies, LLC v. MegaPath Inc., C.A. No. 1:12-01767
Brandywine Communications Technologies, LLC v. Windstream Corporation,
 C.A. No. 1:12-01769
Brandywine Communications Technologies, LLC v. Consolidated Communications
 Holdings Inc., C.A. No. 1:12-01784

### Middle District of Florida

Brandywine Communications Technologies, LLC v. Centurylink, Inc., et al.,
 C.A. No. 6:12-00286

### District of Idaho

Brandywine Communications Technologies, LLC v. OrbitCom, Inc.,
 C.A. No. 1:12-00643
Brandywine Communications Technologies, LLC v. Cactus International, Inc.,
 C.A. No. 3:12-00641

### Northern District of Illinois

Brandywine Communications Technologies, LLC v. DLS Computer Services, Inc.,
 C.A. No. 1:12-10317

### District of Maine

Brandywine Communications Technologies, LLC v. Union River Telephone Company,
 C.A. No. 1:12-00403
Brandywine Communications Technologies, LLC v. Coastal Telco Services, Inc.,
 C.A. No. 2:12-00401

### District of Massachusetts

Brandywine Communications Technologies, LLC v. Galaxy Internet Services, Inc.,
 C.A. No. 1:13-10068

### District of Minnesota

Brandywine Communications Technologies, LLC v. HickoryTech Corporation,
 C.A. No. 0:12-03187

-A3-

### Southern District of Ohio

Brandywine Communications Technologies, LLC v. DBSolutions, Inc.,
  C.A. No. 2:13-00278

### District of Oregon

Brandywine Communications Technologies, LLC v. Graydog Internet, Inc.,
  C.A. No. 3:12-02332
Brandywine Communications Technologies, LLC v. PEAK Internet, LLC,
  C.A. No. 6:12-02335
Brandywine Communications Technologies, LLC v. Stayton Cooperative Telephone
  Company, C.A. No. 6:12-02336

### Middle District of Tennessee

Brandywine Communications Technologies, LLC v. Loretto Communication Services,
  Inc., C.A. No. 1:13-00004

### Eastern District of Texas

Brandywine Communications Technologies, LLC v. TMN, Inc., C.A. No. 6:12-01006
Brandywine Communications Technologies, LLC v. Texas Communications, Inc.,
  C.A. No. 6:12-01008

### Southern District of Texas

Brandywine Communications Technologies, LLC v. Colorado Valley Communications,
  Inc., C.A. No. 4:13-00772

### District of Utah

Brandywine Communications Technologies, LLC v. Ikano Communications, Inc.,
  C.A. No. 2:12-01214

### Eastern District of Wisconsin

Brandywine Communications Technologies, LLC v. Trinet-E Telecommunications Inc.,
  C.A. No. 1:12-01314